[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The pro se plaintiff, Toufic Shartouni ("Shartouni"), has moved for summary judgment against the defendants, Park Cadillac-Oldsmobile-Pontiac, Inc. ("Park Cadillac") and General Motors Corporation. In his complaint, Shartouni alleges that in March, 1997, he purchased a 1995 Cadillac Sedan DeVille from Park Cadillac. It is alleged that Park Cadillac's general manager, Richard Beaulieu, knowingly misrepresented that the vehicle "was almost brand new" and "free from any mechanical defects." (Revised complaint ¶¶ 3-4.) Shartouni alleges that the vehicle subsequently had "major oil leakage problems" which Park Cadillac did not remedy and which impairs the value of the vehicle. Id. ¶¶ 5-6. Shartouni alleges numerous causes of action, including breach of implied and express warranties, violation of General Statutes § CT Page 1397242-225, violation of the Connecticut Unfair Trade Practices Act, breach of contract, negligence, and perhaps fraud. The defendants have denied the material allegations of the revised complaint and pleaded numerous special defenses.
Shartouni's motion for summary judgment was on the September 5, 2000 short calendar. Because the defendants' opposition papers had been served on that day, or shortly before, the Court continued the argument on the motion to October 2, 2000 to allow Shartouni an opportunity to respond.
Shartouni's summary judgment motion papers consist of a long, argumentative and convoluted writing, not under oath, evidencing both frustration and anger directed toward the defendants relating to the purchase of the two year old Cadillac. There are some facts set forth in this narrative, but no sworn affidavit is provided. The exhibits to the motion papers do evidence a series of visits to Park Cadillac's repair facility and some relatively serious repairs made to Shartouni's vehicle, not the least of which are efforts to stem a continuing oil leak. Indeed, some basis for Shartouni's disgruntlement can be found from evidence that the vehicle was in the shop for a week, less than three weeks after Shartouni took title to it. The repairs or attempted repairs were made by Park Cadillac, and as far as this Court can discern, all of the repair efforts were done without cost to Shartouni.
The defendants' opposition papers, prepared by their counsel, are more readable. However, they contain a fusillade of criticisms of the obvious technical defects of the pro se plaintiff's papers, including the rather anomalous contention that the plaintiff's exhibits are "uncertified" and therefore not proper evidence before the Court while many of those same exhibits are included in defendants' own papers.
Park Cadillac's and General Motors' opposition papers, supported by affidavits, concede that Shartouni purchased the vehicle from Park Cadillac and that Park Cadillac expended efforts to repair an oil leak (which they allege was eventually successful) and other matters over the next eight months. The papers sharply contest what, if any, guarantees or promises were made to Shartouni at the time of purchase or thereafter.
Summary judgment may be granted if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
It is well settled that summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). In deciding such a motion, the Court must view the evidence in the light most favorable to CT Page 13973 the non-moving party. Hertz Corp. v. Federal Insurance Co., 245 Conn. 374
(1998). Issues of credibility are generally not subject to determination by means of a summary judgment motion. See Suarez v. Dickmont PlasticsCorp., 229 Conn. 99 (1994).
In this case, Shartouni's motion papers do not establish undisputed material facts sufficient to prove his claims. Indeed, many facts are disputed. Even if Shartouni's version were completely accepted, there remains doubt as to the validity of at least some of his legal claims.
For the above reasons, the motion is denied.
Adams, J.